USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2018

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> 13385184960@163.COM,  18888236883@163.COM, ALTAY,  ANGELCITYER,  BAMBOO001, CAOPING,  CONGCONG2,  DANDANXIAOWU, DAYINGJIA1256, DIAMOND BOUTIQUE, DIY GEM SHOP, DREAMSHIPS, DUMBLEDOR SHOP, EFASHIONER, EVERY DAY THERE WILL BE A NEW SUN, FASHIONABLE AND SPORT STORE, FASHIONDOFU, FELLA, FHIJHCF, FULLUSSET, GIFTSHOP2017,  GIVE  YOUR  DREAM, GLOBAL_DAWN,  GLOBAL-SPIRIT,  GODCUP, GREEN  FASHION,  GUANGDONGHUATAI, GUIGIUDEDIAN,  HAPPYSTORE99, HUASHAOSHOT,  HUAXIAWAIMAOSHANG, ISHOP, ISYISY, IVANICABABYSHOP, JAHURTO, JASONSTORE1,  JL&PREFECT,  JUZIEJIA, KAIXUANXIAORENJIA,  KEEP  GOING, KRISTINECOTTRELL, LANXIHUANGLONGDONG, LIANJIAXIAODIAN, | 18-cv-10524 (LGS) <br><br><br> [PROPOSED] <br> **PRELIMINARY INJUNCTION ORDER** |

LOSTIU8, MAGIC CURRY, MAISYSTORE001, MAOMAO1608@163.COM, MIKEQYQ, MOMTUTUS, MR. P, MR.ZXX, MRY_STORE, NEWMERCHANTFASHION, NVC, PANDORA LOVE, QIQIYANYAN, QOMXZHK, RENDERINGYOU, SHENZHENYIWEIKEJIYOUXIANGONGSI, SHENZHEN YINFA TECHNOLOGY LTD, SHOW YOU NOW, SHU PANPAN WU SHOUSHOU, SIERMAOYIYOUXIANGONGSI, SMALL Y CLOTHES STORE, SMALLSMALLWORLD, THREEQIAOWAY, TIANCONG135, TOMIK18816764436, UTOPIA1973, UTOPIA2017, VALUABLE, YEHUDIEYE, WANGJUHUA11365, WENDY E-COMMERCE, WULI0014, WXXWW, XINYUDIYIYI, XYRSTOREKL, YIWU BLUE SKY, XIONGDISTORE, XUANXUAN636187, XZH, YANGMINGXIONGDI, YANGLIU248, YEKAIQIANG, YEQIRONG, YIHUIANDYIHUI, YOUR FASHION JEWELRY, YOUYOUSHANXI, YOYOBESS, YQUAN, YUXITAO, YY6752SDD, ZHANGDONGYUE, ZHANGXIAXIAZHANG, ZHENPINHUI and ZHENZHEN-FASHION,

*Defendants*

WHERAS, Plaintiffs Spin Master Ltd. and Spin Master, Inc. ("Spin Master" or "Plaintiffs"), having moved *ex parte* on November 13, 2018 against Defendants 13385184960@163.com, 18888236883@163.com, Altay, angelcityer, bamboo001, caoping, congcong2, dandanxiaowu, dayingjia1256, Diamond boutique, DIY Gem shop, Dreamships, Dumbledor shop, Efashioner, Every day there will be a new sun, fashionable and sport store, fashiondofu, Fella, fhijhcf, Fullusset, giftshop2017, give your dream, global_dawn, global-spirit, Godcup, Green Fashion, guangdonghuatai, guigiudedian, happystore99, Huashaoshot, Huaxiawaimaoshang, ISHOP, ISYISY, ivanicababyshop, Jahurto, Jasonstore1, JL&prefect, juziEjia, kaixuanxiaorenjia, Keep going, kristinecottrell, Lanxihuanglongdong, lianjiaxiaodian,

Lostiu8, magic Curry, maisystore001, maomao1608@163.com, Mikeqyq, MOMTUTUS, Mr. P, Mr.Zxx, MRY_Store, NewMerchantFashion, NVC, Pandora love, qiqiyanyan, Qomxzhk, Renderingyou, Shenzhenyiweikejiyouxiangongsi, Shenzhen Yinfa Technology LTD, Show You Now, Shu panpan wu shoushou, siermaoyiyouxiangongsi, Small Y Clothes Store, smallsmallworld, Threeqiaoway, tiancong135, Tomik18816764436, Utopia1973, Utopia2017, Valuable, yehudieye, wangjuhua11365, wendy E-commerce, wuli0014, wxxww, Xinyudiyiyi, xyrstorekl, yiwu blue sky, xiongdistore, xuanxuan636187, XZH, Yangmingxiongdi, yangliu248, yekaiqiang, yeqirong, YiHuiandYiHui, YOUR FASHION JEWELRY, youyoushanxi, YOYOBESS, Yquan, Yuxitao, YY6752SDD, Zhangdongyue, zhangxiaxiazhang, Zhenpinhui and zhenzhen-fashion (hereinafter collectively referred to as "Defendants" or individually as "Defendant") for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery ("Application");[1]

WHEREAS, the Court entered an Order granting Plaintiffs' Application on November 13, 2018 (the "TRO") and scheduled an Order to Show Cause hearing for November 27, 2018 at 11:15 a.m. ("OSC Hearing");

WHEREAS, on November 20, 2018, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on November 27, 2018 at 11:15 a.m., Plaintiffs appeared at the OSC Hearing, however, no Defendants appeared.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint or Application.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction Order (hereinafter, "PI Order") is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Twisty Petz Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Twisty Petz Mark and/or incorporating the Twisty Petz Work and/or artwork that is substantially similar to, identical to and constitute an infringement of the Twisty Petz Work;

   ii. directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Twisty Petz Mark and Twisty Petz Work;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Twisty Petz Mark and Twisty Petz Work, to identify any goods or services not authorized by Plaintiffs;

   iv. using any of Plaintiffs' trademarks, copyrights or other rights (whether now in

existence or hereafter created) including, without limitation, the Twisty Petz Mark and Twisty Petz Work or any other marks or artwork that are confusingly or substantially similar to the Twisty Petz Mark and Twisty Petz Work on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vi. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this PI Order;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any

computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

viii.  knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above.

b)  Accordingly, ContextLogic, Inc. ("ContextLogic"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") (ContextLogic, PayPal, Payoneer and PingPong are collectively referred to as the "Financial Institutions") are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) (hereinafter collectively referred to as "Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court;

ii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records,

documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii.  knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) and 1(b)(1) through 1(b)(ii) above.

c) Accordingly, ContextLogic is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products;

    ii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii.  knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) through 1(b)(iii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within seven (7) days of receipt of notice of this PI Order, all Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this PI Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs or Plaintiffs' counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this PI Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this PI Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs or Plaintiffs' counsel.

c) Within fourteen (14) days after receiving notice of this PI Order, all Financial Institutions who receive service of this PI Order shall provide Plaintiffs or Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i.    account numbers;

   ii.   current account balances;

   iii.  any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

   iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v.    any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

   vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

   vii.  any and all User Accounts and account details, including, without limitation,

identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain with the respective Restrained Person(s);

viii.   the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Restrained Persons associated with Defendants' User Accounts; and

x.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products bearing one or more of the Twisty Petz Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Twisty Petz Mark and/or incorporating one or more of the Twisty Petz Work and/or artwork that is substantially similar to, identical to and constitute an infringement of the Twisty Petz Work.

4.   As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)   delivery of: (i) a PDF copy of this PI Order or (ii) a link to a secure website (including

Dropbox.com, NutStore.com, a large mail link created through RPost.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this PI Order, to Defendants' e-mail addresses, as identified in Schedule A or having otherwise been determined.

5.   As sufficient cause has been shown, service of this PI Order shall be made on and deemed effective as the Financial Institutions if it is completed by the following means:

   a)   delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, via ContextLogic's DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic's counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com;

   c)   delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer will be able to download a PDF copy of this Order via electronic mail to Payoneer's Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer, at Edward.Tulin@skadden.com; and

   d)   delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong will be able to download a PDF copy of this Order via electronic mail to PingPong's Legal Department at xieqt@pingpongx.com and

legal@pingpongx.com and Mathew Ball, counsel for PingPong, at Matthew.Ball@klgates.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this PI Order and any act by them or anyone of them in violation of this PI Order may be considered and prosecuted as in contempt of this Court.

7. The $10,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

8. This PI Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this PI Order may appear and move to dissolve or modify the PI Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

So Ordered.

Dated: November 28, 2018
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE