UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
SPIN MASTER LTD., et al.,                                   :
                                   Plaintiffs,              :
                                                            :          18 Civ. 10524 (LGS)
                 -against-                                  :
                                                            :          OPINION AND ORDER
13385184960@163.COM, et al.,                                :
                                   Defendants.  :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Spin Master, Ltd. and Spin Master, Inc. bring this action against seventy-one[1]

defaulting Defendants[2] ("Defaulting Defendants") for, *inter alia*, Copyright Infringement, 17

U.S.C. § 501(a) and Trademark Infringement and Trademark Counterfeiting under the Lanham

Act, 115 U.S.C. § 1114, 1116(d) and 1117(b)-(c).  On April 12, 2019, an Amended Final Default

Judgment and Permanent Injunction Order was issued against the Defaulting Defendants and the

action was referred to Judge Fox for an inquest on damages.  None of the Defaulting Defendants

---

[1] Other Defendants were voluntarily dismissed during the course of the action, including three
Defendants -- happystoe99, kristinecottrell and magic Curry -- that were voluntarily dismissed
between the date of the Default Judgment and the date on which Plaintiffs filed their Proposed
Findings of Fact and Conclusions of Law, and five Defendants -- angelcityer, caoping,
MRY_Store, shenzhenenyiweikejiyouxiangongsi and global-spirit -- that were voluntarily
dismissed from the action after Plaintiffs filed their Proposed Findings of Fact and Conclusions of
Law.

[2] Defaulting Defendants are 13385184960@163.eom, 18888236883@163.com, Altay,
bamboo00l, congcong2, dandanxiaowu, dayingjia1256, Diamond boutique, Drearnships,
Dumbledor shop, Every day there will be a new sun, fashiondofu, Fella, fhijhcf, Fullusset,
giftshop2017, give your dream, global_dawn, Godcup, Green Fashion, guangdonghuatai,
guigiudedian, Huashaoshot, Huaxiawaimaoshang, Jahurto, Jasonstorel, juziEjia,
kaixuanxiaorenjia, Keep going, Lostiu8, maisystore00l, maomao1608@163.com, Mikeqyq,
MOMTUTUS, Mr. P, Mr.Zxx, NewMerchantFashion, qiqiyanyan, Qomxzhk, Renderingyou,
Shenzhen Yinfa Technology LTD, Show You Now, Shu panpan wu shoushou,
siermaoyiyouxiangongsi, smallsmallworld, Threeqiaoway, tiancong 13 5, Tomik 188167 6443 6,
Utopial 973, Utopia2017, Valuable, yehudieye, wangjuhual 1365, wuli00 14, wxxww,
Xinyudiyiyi, xyrstorekl, yiwu blue sky, xiongdistore, xuanxuan636187, XZH, Yangmingxiongdi,
yangliu248, yekaiqiang, yeqirong, YiHuiandYiHui, YOUR FASHION JEWELRY,
youyoushanxi, Yquan, YY6752SDD, Zhangdongyue, zhangxiaxiazhang, Zhenpinhui and
zhenzhen-fashion.

appeared for the inquest.  On August 7, 2019, Judge Fox issued a Report and Recommendation (the "Report") recommending that Plaintiffs' request for statutory damages be denied in full. Plaintiffs timely filed objections.  For the following reasons, the Report is rejected in substantial part.

### I.   Background

The following facts are taken from the Complaint, which are accepted as true against the Defaulting Defendants.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." (quotation marks omitted)); *accord William Mark Corp. v. 1&CC*, No. 18 Civ. 3889, 2019 WL 4195365, at *5 (S.D.N.Y. May 20, 2019) (same), *report and recommendation adopted*, No. 18 Civ. 3889, 2019 WL 4194536 (S.D.N.Y. Sept. 3, 2019).

Spin Master Ltd. and its wholly-owned subsidiary Spin Master, Inc. brought this action on November 13, 2018, against Defendants, "individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S."  Plaintiffs are part of a large, multinational toy and entertainment company that "designs and sells innovative children's lifestyle products and toys under their own well-known brands."  One of Plaintiffs' most successful product lines is the Twisty Petz line of products, which are "bejeweled pets that transform into sparkly bracelets, necklaces or backpack accessories with a few simple twists." There are over seventy types of Twisty Petz to collect.  Twisty Petz was named one of the "hottest toys for 2018" by the New York Post and was included in Amazon's 2018 Holiday Toy List.  In 2018, PR.com predicted that Plaintiffs' Twisty Petz products would sell out and become impossible to buy due to their popularity.  Plaintiffs own the registered trademark "TWISTY

PETZ" and own registered and unregistered copyrights in the products.

Plaintiffs retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers and/or third-party merchants offering for sale and/or selling counterfeit products on Wish.com, an online marketplace. Through NAL's investigation, Plaintiffs learned that each Defendant offers for sale and sells on Wish.com products that infringe Plaintiffs' trademark and copyrights to consumers in the United States, and ships those products to consumers in the United States, including in New York. Plaintiffs attached as exhibits to the Complaint printouts from Defendants' user accounts and online merchant storefronts on Wish.com. Defendants' counterfeit products are "nearly indistinguishable from Plaintiffs' Twisty Petz [p]roducts, only with minor variations that no ordinary consumer would recognize."

## II.    Standard

In reviewing a Magistrate Judge's Report, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). To invoke de novo review the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *George v. Professional Disposable Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (internal citation omitted).

## III.   Discussion

### a.    Statutory Damages

Under the Lanham Act, a "plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover . . . an award of statutory damages for any such use in

connection with the sale, offering for sale, or distribution of goods or services in the amount of--
(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services
sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the
use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type
of goods or services sold, offered for sale, or distributed, as the court considers just." 15
U.S.C.A. § 1117(c)(1)-(2).  Similarly, under the Copyright Act, "the copyright owner may elect,
at any time before final judgment is rendered, to recover . . . an award of statutory damages for all
infringements involved in the action" "in a sum of not less than $750 or more than $30,000 as the
court considers just" or, where "the court finds, that infringement was committed willfully, the
court in its discretion may increase the award of statutory damages to a sum of not more than
$150,000." 17 U.S.C.A. § 504(c)(1)-(2).  "In conducting the inquest, the court is charged with
determining the proper rule for calculating damages on such a claim, and assessing plaintiff's
evidence supporting the damages to be determined under this rule." *William Mark Corp.*, 2019
WL 4195365, at *5.

 Plaintiffs seek a total of seventeen million six hundred twenty-five thousand dollars
($17,625,000.00) in statutory damages on their trademark and copyright infringement claims
against the Defaulting Defendants.  The Report recommends <u>no</u> statutory damages based on
Plaintiffs' failure to establish damages with reasonable certainty.  *See Transatlantic Marine
Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir.
1997).  Plaintiffs object to this finding and the recommendation based on this holding that no
damages be awarded.

 Plaintiffs seek damages against all but four of the Defaulting Defendants pursuant to the
Lanham Act based on a proposed tiered system of damages, created by Plaintiffs, whereby the

requested damages increase based on the number of sales of counterfeit products.  The damages

requested under the Lanham Act range from $50,000 for Defaulting Defendants with between

zero and thirty-five sales of infringing products, to $2,000,000 for Defaulting Defendants with

between 11,570 and 12,900 sales of infringing products.  Plaintiffs also provide the number of

infringing uses of Plaintiffs' Twisty Petz mark for each of these Defendants, but this does not

appear to have been relevant to the proposed tiered system of damages.

Seemingly without explanation and in contrast to the requested tiered system of damages

under the Lanham Act, Plaintiffs seek damages for four defaulting defendants pursuant to the

Copyright Act, and request $50,000 in statutory damages each from taincong135, Show You

Now, Green Fashion and xinyudiyiyi, based on one infringing use of the copyrighted work by

each company.  These four defendants had sales of 280, 321, 995, and 3,629 counterfeit products

respectively, which apparently was not a factor used in calculating the proposed copyright

damages.

As the Report observes, Plaintiffs' requested damages under the proposed Lanham Act

tiered system of damages for Defaulting Defendants with similar numbers of sales of counterfeit

products are radically different from the $50,000 in requested damages under the Copyright Act.

For example, Plaintiffs request $250,000 in damages under the Lanham Act from congcong2, a

company with one infringing use of the mark and 274 sales of infringing products, and $50,000 in

damages under the Copyright Act from tiancong135, a company with one infringing use of the

work and 280 sales of counterfeit products.  Based on these inconsistencies, the Report denies

Plaintiffs' damages in their entirety, reasoning that "[a]lthough the Copyright Act and the

Lanham Act contain different maximum statutory damages amounts for willful infringement, the

plaintiffs' failure to explain the bases for justifying the particular amounts requested in this case is

fatal to their contention that their tiered request for statutory damages . . . [is] appropriate."

Plaintiffs argue that the Report's analysis is incorrect because the case on which the Report relies for its finding that damages must be established with a "reasonable certainty" -- *Transatlantic Marine Claims Agency, Inc.* -- does not involve a plaintiff seeking statutory damages under the Copyright Act and the Lanham Act, and argue that instead the purpose of statutory damages is to address the difficulty of calculating actual damages caused by counterfeiters.  Plaintiffs are correct that the factors considered in determining a statutory damages award under either the Copyright Act or the Lanham Act do not require plaintiffs to prove losses with "reasonable certainty"; indeed, "barring statutory damages based on a plaintiff's inability to prove its losses with certainty undermines the express purpose of the remedy."  *WowWee Grp. Ltd. v. Haoqin*, No. 17 Civ. 9893, 2019 WL 1316106, at *3 (S.D.N.Y. Mar. 22, 2019).  Rather, when determining the amount of statutory damages to award for copyright and trademark infringement, "courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."  *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); *see also Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (also considering "the potential for discouraging the defendant is factored into the determination of the award"); *WowWee Grp. Ltd.*, 2019 WL 1316106, at *3 (considering these factors in setting statutory damages under the Lanham Act).

Plaintiffs fail to address the Report's finding that Plaintiffs' proposed method of calculating damages is internally inconsistent.  Plaintiffs assert in their objections that,

> [a]fter reviewing the undisputed evidence, it became apparent that certain
> Defaulting Defendants infringed the Twisty Petz Mark while others infringed the
> Twisty Petz Work.  Accordingly, in their Motion for Default Judgment and
> subsequent Inquest submission, Plaintiffs elected for statutory damages under the
> Copyright Act for four (4) Defaulting Defendants and under the Lanham Act for
> seventy (70) Defaulting Defendants.

But Plaintiffs fail to explain how it became "apparent" that certain Defendants infringed

Plaintiffs' copyrights and other Defendants infringed Plaintiffs' trademarks.  Nothing in

Plaintiffs' Complaint -- which brings claims of both copyright and trademark infringement

against all Defendants -- explains why the alleged conduct of taincong135, Show You Now,

Green Fashion and xinyudiyiyi is different from the other Defaulting Defendants such that a

different approach to calculating damages is appropriate.  Plaintiffs' assertion that "the rationale

behind Plaintiffs' electing to request damages under different statutes is directly correlated to the

lack of discovery received in this action" is similarly unavailing where Plaintiffs do not represent

that they received discovery from any Defaulting Defendant, regardless of the type of statutory

damages sought, and therefore a difference in discovery does not explain the differences in the

proposed damages.  The Court declines to excuse Plaintiffs from providing some coherent

justification for the proposed damages, particularly where Plaintiffs are using in part a damages

methodology -- the proposed tiering system -- disfavored by some courts in this circuit.  *See, e.g.,*

*WowWee Grp. Ltd.*, 2019 WL 1316106, at *4 (declining to adopt Plaintiffs' proposed tiered

structure); *William Mark Corp.*, 2019 WL 4195365, at *10 (same).

At the same time, there is no reason to award no statutory damages due to a rejected

methodology.  Courts typically find damages appropriate even where the proposed methodology

is rejected.  *See, e.g., WowWee Grp. Ltd.*, 2019 WL 1316106, at *3 ("Even if [p]laintiffs'

submissions do not justify their proposed award, this Court may still grant some level of damages

based on a holistic consideration of the seven factors applied in copyright cases."); *William Mark*

7

*Corp.*, 2019 WL 4195365, at *10 (rejecting plaintiffs' proposed tiered system of damages and concluding that an award of $50,000 against each defaulting defendant is appropriate).

Here, considering the factors identified in *Fitzgerald* and *Bryant*, it is clear that statutory damages are appropriate. Because Defendants defaulted, there is no information available regarding the first two factors -- the infringer's state of mind and the profits earned by the infringer. But this uncertainty is resolved in favor of Plaintiffs. *See Ideavillage Prod. Corp. v. Aarhus*, No. 118 Civ. 02739, 2019 WL 2290514, at *7 (S.D.N.Y. May 7, 2019) ("The first and second factors, *i.e.*, the expenses saved and the profits reaped by the [d]efaulting [d]efendants as a result of their infringement and the revenues lost by [p]laintiff, are unknown. Thus, the Court resolves any uncertainty in favor of Ideavillage so as not to allow the [d]efaulting [d]efendants to benefit from their lack of participation in this litigation."), *report and recommendation adopted*, No. 18 Civ. 2739, 2019 WL 2287726 (S.D.N.Y. May 28, 2019). With respect to the third factor -- revenue lost by the copyright or trademark holder -- the Complaint's allegation that Twisty Petz was named one of the "hottest toys for 2018" by the New York Post and was included in Amazon's 2018 Holiday Toy List weighs in favor of damages. *See WowWee Grp. Ltd.*, 2019 WL 1316106, at *3 ("Courts infer from the well-known reputations of most or all of the trademarks and the sea of advertising that presses them on the consciousness of the buying public that they are indeed valuable." (alteration omitted)). The remaining factors also favor Plaintiffs -- the infringer's cooperation in providing evidence and the conduct of the parties favors Plaintiffs because Defendants were found to be willful in their infringement in the Report,[3]

---

[3] Plaintiffs do not object to this finding, and as there is no clear error, it is adopted. *See Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.").

and the goals of deterrence and discouraging the Defaulting Defendants from continuing their illegal conduct warrant "a substantial award." *See AW Licensing, LLC v. Bao*, 2016 WL 4137453, at *3 (S.D.N.Y. Aug. 2, 2016).

Considering these factors and the statutory damages awarded in similar actions, an amount of $50,000 per Defaulting Defendant is a reasonable and appropriate amount for statutory damages. *See William Mark Corp.*, 2019 WL 4195365, at *10 (where plaintiffs alleged trademark and copyright infringement by forty-four defaulting defendants of a line of plush animal toys, the court held that an amount of $50,000 per defaulting defendant was a reasonable amount for statutory damages); *Spin Master, Inc. v. Amy & Benton Toys & Gifts Co.*, No. 17 Civ. 5845, 2019 WL 464583, at *6 (S.D.N.Y. Feb. 6,  2019) (where plaintiffs alleged trademark and copyright infringement by forty-seven China-based businesses of a children's toy, the court held that "$50,000 per [defaulting] [d]efendant is reasonable considering that the maximum damages for willful infringement under the Copyright Act are $150,000 per infringement and $2,000,000 under the Lanham Act."); *Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 426 (S.D.N.Y. 2018) (where plaintiffs alleged trademark and copyright infringement by sixty-seven businesses or individuals in China of a line of children's toys, the court held that "[a]n award of $50,000 per [defaulting] defendant is appropriate and just, given that each defendant sold at least one infringing product."); *Ideavillage Prod. Corp. v. Bling Boutique Store*, No. 16 Civ. 9039, 2018 WL 3559085, at *6 (S.D.N.Y. July  24, 2018) (where plaintiffs alleged trademark and copyright infringement against ten defaulting defendants of a line of As Seen On TV products, the court awarded $50,000 per defaulting  defendant in statutory damages).

### b. Post-Judgment Interest

Plaintiffs also seek post-judgment interest on any damages award.  "Post-judgment interest is awarded on any money judgment recovered in a civil case."  *See* 28 U.S.C. § 1961. "Post-judgment interest is measured 'from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment,' 'computed daily to the date of payment' and 'compounded annually.'"  *Alan Yuan's Store*, 325 F. Supp. 3d at 426 (quoting 28 U.S.C. § 1961(a)-(b)). Plaintiffs are awarded post-judgment interest in an amount to be determined according to the statutory formula.  *See id.*

### c. Transfer of Frozen Assets

Plaintiffs seek an order authorizing the transfer of the assets of Defaulting Defendants that are currently frozen pursuant to a number of orders issued earlier in this case, including the Amended Final Default Judgment and Permanent Injunction Order.

> Courts in this district routinely order transfers of infringing defendant[s'] frozen assets to plaintiffs in similar [copyright and trademark infringement] cases, relying on the authority to issue injunctive relief under Rule 64 of the Federal Rule of Civil Procedure, § 1116(a) of the Lanham Act, and this Court's inherent equitable power to issue remedies ancillary to its authority to provide  final relief.

*William Mark Corp.*, 2019 WL 4195365, at *12 (granting request for asset freeze and transfer order in similar circumstances); *accord Off-White LLC v. ^_^Warm House^_^Store,* No. 17 Civ. 8872, 2019 WL 418501, at *6 (S.D.N.Y. Jan. 17, 2019) (collecting cases and rejecting report and recommendation to deny transfer of frozen assets in similar circumstances).  This relief is appropriately granted.

**IV.    Conclusion**

For the foregoing reasons, the recommendation of the Report to award no statutory damages is REJECTED.  Plaintiffs are entitled to damages in the amount of $50,000 per Defaulting Defendant, plus post-judgment interest.  Plaintiffs are also entitled to an order authorizing the transfer of the assets of Defaulting Defendants; Plaintiffs shall file a proposed order no later than May 29, 2020.

Plaintiffs shall serve this Opinion and Order on Defaulting Defendants pursuant to this Court's Order at Dkt. No. 7, and file proof of service on the docket, by May 29, 2020.

Dated: May 22, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**