Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC.,<br><br>*Plaintiffs*<br><br>v.<br><br>13385184960@163.COM, 18888236883@163.COM, ALTAY, ANGELCITYER, BAMBOO001, CAOPING, CONGCONG2, DANDANXIAOWU, DAYINGJIA1256, DIAMOND BOUTIQUE, DIY GEM SHOP, DREAMSHIPS, DUMBLEDOR SHOP, EFASHIONER, EVERY DAY THERE WILL BE A NEW SUN, FASHIONABLE AND SPORT STORE, FASHIONDOFU, FELLA, FHIJHCF, FULLUSSET, GIFTSHOP2017, GIVE YOUR DREAM, GLOBAL_DAWN, GLOBAL-SPIRIT, GODCUP, GREEN FASHION, GUANGDONGHUATAI, GUIGIUDEDIAN, HAPPYSTORE99, HUASHAOSHOT, HUAXIAWAIMAOSHANG, ISHOP, ISYISY, IVANICABABYSHOP, JAHURTO, JASONSTORE1, JL&PREFECT, JUZIEJIA, KAIXUANXIAORENJIA, KEEP GOING, KRISTINECOTTRELL, LANXIHUANGLONGDONG, LIANJIAXIAODIAN, LOSTIU8, MAGIC CURRY, MAISYSTORE001, MAOMAO1608@163.COM, MIKEQYQ, MOMTUTUS, MR. P, MR.ZXX, MRY_STORE, NEWMERCHANTFASHION, NVC, PANDORA LOVE, QIQIYANYAN, QOMXZHK, RENDERINGYOU, SHENZHENYIWEIKEJIYOUXIANGONGSI, | **CIVIL ACTION No.**<br>**18-cv-10524 (LGS)**<br><br>**AMENDED**<br>**[PROPOSED]**<br>**FINAL DEFAULT**<br>**JUDGMENT AND**<br>**PERMANENT**<br>**INJUNCTION ORDER** |

SHENZHEN YINFA TECHNOLOGY LTD, SHOW YOU NOW, SHU PANPAN WU SHOUSHOU, SIERMAOYIYOUXIANGONGSI, SMALL Y CLOTHES STORE, SMALLSMALLWORLD, THREEQIAOWAY, TIANCONG135, TOMIK18816764436, UTOPIA1973, UTOPIA2017, VALUABLE, YEHUDIEYE, WANGJUHUA11365, WENDY E-COMMERCE, WULI0014, WXXWW, XINYUDIYIYI, XYRSTOREKL, YIWU BLUE SKY, XIONGDISTORE, XUANXUAN636187, XZH, YANGMINGXIONGDI, YANGLIU248, YEKAIQIANG, YEQIRONG, YIHUIANDYIHUI, YOUR FASHION JEWELRY, YOUYOUSHANXI, YOYOBESS, YQUAN, YUXITAO, YY6752SDD, ZHANGDONGYUE, ZHANGXIAXIAZHANG, ZHENPINHUI and ZHENZHEN-FASHION,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs or "Spin Master"** | Spin Master Ltd. and Spin Master, Inc. | N/A |
| **Defendants** | 13385184960@163.com, 18888236883@163.com, Altay, angelcityer, bamboo001, caoping, congcong2, dandanxiaowu, dayingjia1256, Diamond boutique, DIY Gem shop, Dreamships, Dumbledor shop, Efashioner, Every day there will be a new sun, fashionable and sport store, fashiondofu, Fella, fhijhcf, Fullusset, giftshop2017, give your dream, global_dawn, global-spirit, Godcup, Green Fashion, guangdonghuatai, guigiudedian, happystore99, Huashaoshot, Huaxiawaimaoshang, ISHOP, ISYISY, ivanicababyshop, Jahurto, Jasonstore1, JL&prefect, juziEjia, kaixuanxiaorenjia, Keep going, kristinecottrell, Lanxihuanglongdong, lianjiaxiaodian, Lostiu8, magic Curry, maisystore001, maomao1608@163.com, Mikeqyq, MOMTUTUS, Mr. P, Mr.Zxx, MRY_Store, NewMerchantFashion, NVC, Pandora love, qiqiyanyan, Qomxzhk, Renderingyou, Shenzhenyiweikejiyouxiangongsi, Shenzhen Yinfa Technology LTD, Show You Now, Shu panpan wu shoushou, siermaoyiyouxiangongsi, Small Y Clothes Store, smallsmallworld, Threeqiaoway, tiancong135, Tomik18816764436, Utopia1973, Utopia2017, Valuable, yehudieye, wangjuhua11365, wendy E-commerce, wuli0014, wxxww, Xinyudiyiyi, xyrstorekl, yiwu blue sky, xiongdistore, xuanxuan636187, XZH, Yangmingxiongdi, yangliu248, yekaiqiang, yeqirong, YiHuiandYiHui, YOUR FASHION JEWELRY, youyoushanxi, YOYOBESS, Yquan, Yuxitao, YY6752SDD, Zhangdongyue, zhangxiaxiazhang, Zhenpinhui and zhenzhen-fashion | N/A |
| **Defaulting Defendants** | 13385184960@163.com, 18888236883@163.com, Altay, bamboo001, congcong2, dandanxiaowu, dayingjia1256, Diamond boutique, Dreamships, Dumbledor shop, Every day there will be a new sun, fashiondofu, Fella, fhijhcf, Fullusset, giftshop2017, give your dream, global_dawn, Godcup, Green Fashion, guangdonghuatai, guigiudedian, Huashaoshot, Huaxiawaimaoshang, Jahurto, Jasonstore1, juziEjia, kaixuanxiaorenjia, Keep going, Lostiu8, maisystore001, maomao1608@163.com, Mikeqyq, MOMTUTUS, Mr. | N/A |

| | | |
|---|---|---|
| | P, Mr.Zxx, NewMerchantFashion, qiqiyanyan, Qomxzhk, Renderingyou, Shenzhen Yinfa Technology LTD, Show You Now, Shu panpan wu shoushou, siermaoyiyouxiangongsi, smallsmallworld, Threeqiaoway, tiancong135, Tomik18816764436, Utopia1973, Utopia2017, Valuable, yehudieye, wangjuhua11365, wuli0014, wxxww, Xinyudiyiyi, xyrstorekl, yiwu blue sky, xiongdistore, xuanxuan636187, XZH, Yangmingxiongdi, yangliu248, yekaiqiang, yeqirong, YiHuiandYiHui, YOUR FASHION JEWELRY, youyoushanxi, Yquan, YY6752SDD, Zhangdongyue, zhangxiaxiazhang, Zhenpinhui and zhenzhen-fashion | |
| **Complaint** | Plaintiffs' Complaint filed on November 13, 2018 | 7 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 13, 2018 | 13-16 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiffs' Application | 14 |
| **Harrs Dec.** | Declaration of Chris Harrs in Support of Plaintiffs' Application | 15 |
| **Wolgang Dec.** | Declaration of Spencer Wolgang in Support of Plaintiffs' Application | 16 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Assets and Merchant Storefronts, 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service and 5) Order Authorizing Expedited Discovery entered on November 13, 2018 | N/A |
| **PI Show Cause Hearing** | November 27, 2018 hearing to show cause why a preliminary injunction should not issue. | N/A |
| **PI Order** | November 28, 2018 Preliminary Injunction Order | 4 |
| **Wish** | A San Francisco, California-based, online marketplace and e-commerce platform located at Wish.com, which is owned by ContextLogic, Inc., that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to | N/A |

| | | |
|---|---|---|
| | consumers worldwide and specifically to consumers residing in the U.S., including New York. | |
| **User Account(s)** | Any and all websites and/or accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them | N/A |
| **Merchant Storefront(s)** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Spin Master Products** | Spin Master's innovative children's lifestyle products and toys under their well-known brands, including: Twisty Petz, Flutterbye Fairy, Bunchems and Hatchimals, as well as under their licensed properties such as Paw Patrol and Air Hogs. | N/A |
| **Twisty Petz Products** | Over 70 types of collectible, bejeweled pets that transform into sparkly bracelets, necklaces or backpack accessories with a few simple twists. | N/A |
| **Twisty Petz Mark** | U.S. Trademark Registration No. 5,514,561 for "TWISTY PETZ" for a variety of goods in Class 28 | N/A |
| **Twisty Petz Work** | U.S. Copyright Reg. VA 1-305-408, covering the Twisty Petz Packaging Artwork & Collectors' Guides | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Twisty Petz Mark and/or Twisty Petz Work, and/or products in packaging and/or containing labels and/or hang tags bearing the Twisty Petz Mark and/or Twisty Petz Work, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Twisty Petz Mark and/or Twisty Petz Work and/or products that are identical or confusingly or substantially similar to the Twisty Petz Products | N/A |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), and other companies or agencies that | N/A |

| | engage in the processing or transfer of money and/or real or personal property of Defendants | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Defendants' Assets from any and all accounts associated with or utilized by any Defendant or any Defendant's Merchant Storefront(s) and User Account(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Defendants' Frozen Accounts** | Defendants' Financial Accounts that were and/or are attached and frozen or restrained by the Financial Institutions pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on March 13, 2019 | Dkts. 40-42 |
| **Chung Aff.** | Affidavit by Andrew Sup Chung in Support of Plaintiffs' Motion for Default Judgment | Dkt. 41 |

This matter comes before the Court by Order to Show Cause filed by Plaintiffs Spin Master for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Twisty Petz Mark and Twisty Petz Work, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Andrew S. Chung in support of Plaintiffs' application for an Order to Show Cause Why Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this Action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiffs on all claims properly plead against Defaulting Defendants in the Complaint;

## II.   **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham and Copyright Acts' prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Memorandum of Law in Support of their

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants, the Court finds such an award to be reasonable and Plaintiffs are awarded statutory damages in the amount of fifty thousand dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") against each of the seventy-four (74) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of $3,700,000.00 (Three Million Seven Hundred Thousand Dollars), plus post-judgment interest calculated pursuant to the statutory rate.

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Twisty Petz Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Twisty Petz Mark and/or incorporating the Twisty Petz Work and/or artwork that is substantially similar to, identical to and constitute infringement of the Twisty Petz Work;

   B. directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Twisty Petz Mark or Twisty Petz Work;

C.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Twisty Petz Mark and Twisty Petz Work to identify any goods or services not authorized by Plaintiffs;

D.  using any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Twisty Petz Mark or Twisty Petz Work, or any other marks or artwork that are confusingly or substantially similar to the Twisty Petz Mark or Twisty Petz Work on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiffs;

F.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i.   Defaulting Defendants' User Accounts and/or Merchant Storefronts;

3

      ii.  Defaulting Defendants' Assets; and

      iii.  the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    G.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Twisty Petz Mark or Twisty Petz Work, or bear any marks and/or artwork that are confusingly or substantially similar to the Twisty Petz Mark or Twisty Petz Work pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

B.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

C.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

A.  providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

### IV.  Post-Judgment Asset Transfer and Asset Freeze Order

1)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendant's Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiffs as full satisfaction of Defaulting Defendants' Individual

Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiffs through Plaintiffs' counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiffs' counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiffs as partial satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiffs through Plaintiffs' counsel within (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, the Court also hereby grants Plaintiffs' request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiffs have recovered the full payment of Defaulting Defendants' Individual Damages Award owed to them by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final

relief, and given the difficulties Plaintiffs would have enforcing this Order, until Plaintiffs have recovered the full payment of Defaulting Defendants' Individual Damages Award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiffs discover new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiffs shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiffs as partial or full satisfaction of Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served

upon Plaintiffs' counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

### V.   <u>Miscellaneous Relief</u>

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) ~~The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiffs submitted in connection with the action as mailed for Plaintiffs, Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY 10065; and~~

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

So Ordered.

Dated: June 1, 2020
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**